IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GRESS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE EMBROIDERY SHOPPE, LLC,<br><br>    Defendant. | No. 24-cv-01641<br><br>Judge John F. Kness |

## ORDER

Plaintiff's motion for default judgment (Dkt. 12) is granted. Final judgment is entered in favor of Plaintiff William Gress and against Defendant The Embroidery Shoppe, LLC. Enter separate final judgment order. See accompanying Statement for details. Civil case terminated.

## STATEMENT

**Background**

Plaintiff William Gress (Plaintiff) filed this action against Defendant The Embroidery Shoppe, LLC (Defendant) on February 27, 2024, alleging that Defendants: (1) violated the Telephone Consumer Protection Act ("TCPA"); (2) violated the Illinois Consumer Fraud Act ("ICFA"); and (3), violated Illinois common law. (Dkt. 1 ¶¶ 22–72.) Specifically, Plaintiff alleges that Defendant sent or caused the sending of unsolicited advertisements to telephone facsimile machines. (*Id.* ¶ 1.)

In May 2024, Plaintiff moved for default under Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 8.) Because Defendant never appeared through counsel and did not answer or otherwise plead, the Court entered default against Defendant. (Dkt. 10.) Plaintiff has served a copy of the Court's default order on Defendant by U.S. mail. (Dkt. 12 at 2.) As of the date of this Order, Defendant has not appeared in this action through counsel and has not responded to the motion for default judgment.

**Legal Standard for Entry of Default and Default Judgment**

Rule 12(a) of the Federal Rules of Civil Procedure generally requires a defendant to file an answer within 21 days after the service of the summons and complaint. The failure to do so may result in the defendant's default under Rule 55(a). When a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default must precede a default judgment. *See* Fed. R. Civ. P. 55(b). Upon the entry of default, the "well-pled allegations of the complaint relating to liability are taken as true . . . ." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Entry of default judgment is left to the sound discretion of the district court. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) (Although the law favors trial on the merits, these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants.).

**Liability of Defendants**

Defendant failed to file a valid answer within 21 days of service of the complaint. As a result, the Court must accept as true the well-pleaded allegations of Plaintiff's complaint concerning liability. *Wehrs*, 688 F.3d at 892.

Plaintiff brings this action against Defendant to recover for violations of the TCPA and Illinois state law. (Dkt. 1 ¶¶ 22–72.) Plaintiff maintains a fax machine that automatically prints incoming faxes. (*Id.* ¶ 3.) In February 2024, Plaintiff received an unsolicited fax from Defendant. (*Id.* ¶¶ 10–21.) Plaintiff alleges that Defendant violated federal and state law by sending or causing to be sent the unsolicited fax. (*Id.* ¶¶ 22–72.) For their default, Plaintiff contends that Defendant owes him $1,500.00 in statutory damages as well as $4,939.00 in attorney's fees and $490.00 in costs. (Dkt. 12 at 2–4.)

**Damages**

Upon default, the "well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs*, 688 F.3d at 892 (citing *Di Mucci*, 879 F.2d at 1497); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages. . . ." Fed. R. Civ. P. 55(b)(2). A judgment by default "may not be entered without a hearing on damages unless the amount claimed is liquidated or

capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *DiMucci*, 879 F.2d at 1497.

Plaintiff seeks $1,500.00 in statutory damages. (Dkt. 12 at 3.) The Court, in its discretion, declines to award treble damages for one violation of the TCPA. Because the damages sought by Plaintiff is capable of ascertainment from the documentary evidence, the Court finds, without the need for an evidentiary hearing, that Plaintiff is entitled to $500.00.

**Attorneys' Fees and Costs**

Plaintiff also requests $5,429.00 in attorneys' fees and costs. (Dkt. 12 at 4.) Plaintiff's counsel, Daniel Edelman, filed an affidavit verifying the hours worked (12.7), hourly rates, and the costs incurred in connection with this case. (Dkt. 12-1 at 84–89.) The Court finds that the hourly rates, the number of hours, and the costs incurred in connection with this case are reasonable and thus awards the requested $4,939.00 in attorneys' fees and $490.00 costs for a total of $5,429.00. (Dkt. 12 at 4.)

**Conclusion**

Plaintiffs' motion for default judgment (Dkt. 12) is granted. Plaintiff is entitled to $500.00 in statutory damages, as well as $5,429.00 in attorneys' fees and costs.

SO ORDERED in No. 24-cv-01641.

Date: July 11, 2024

JOHN F. KNESS
United States District Judge